CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

John P. Kristensen (SBN 224132)
Kristensen Weisberg, LLP
12304 Santa Monica Boulevard, Suite 100
Los Angeles, California 90025
TELEPHONE NO. (310) 507-7924   FAX NO. (310) 507-7906
ATTORNEY FOR (Name): Plaintiff Sherry Orson

**CONFORMED COPY**
**ORIGINAL FILED**
Superior Court of California
County of Los Angeles

SEP 09 2016

Sherri R. Carter, Executive Officer/Clerk
By: Judi Lara, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Orson v. Carbonite, Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER BC 6 3 3 3 9 2 |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE DEPT |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[✓] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action (specify): Six
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: September 8, 2016
John P. Kristensen
(TYPE OR PRINT NAME)                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

| SHORT TITLE Orson v. Carbonite, Inc. | CASE NUMBER BC 6 3 3 3 9 2 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES.   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 3-5  ☐ HOURS/ ☑ DAYS

Item II. Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check <u>one</u> Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> ### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto<br>Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1., 4.<br>1., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4.<br>1., 4.<br>1., 3.<br>1., 4. |

---

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 1 of 4

| SHORT TITLE: Orson v. Carbonite, Inc. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☑ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4

| SHORT TITLE: Orson v. Carbonite, Inc. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4

| SHORT TITLE: Orson v. Carbonite, Inc. | CASE NUMBER: |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.  □1. □2. ☑3. □4. □5. □6. □7. □8. □9. □10. | ADDRESS: |
|---|---|

| CITY: Studio City | STATE: CA | ZIP CODE: 91604 | |
|---|---|---|---|

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Stanley Mosk courthouse in the Central District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: September 8, 2016

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE (NON-CLASS ACTION)

Case Number _____

**RC 6 33 392**

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judge indicated below. There is more information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Kevin C. Brazile | 1 | 534 | Hon. Elizabeth Allen White | 48 | 506 |
| Hon. Barbara A. Meiers | 12 | 636 | Hon. Deirdre Hill | 49 | 509 |
| Hon. Terry A. Green | 14 | 300 | Hon. Teresa A. Beaudet | 50 | 508 |
| Hon. Richard Fruin | 15 | 307 | Hon. Michael J. Raphael | 51 | 511 |
| Hon. Rita Miller | 16 | 306 | Hon. Susan Bryant-Deason | 52 | 510 |
| Hon. Richard E. Rico | 17 | 309 | Hon. Howard L. Halm | 53 | 513 |
| Hon. Stephanie Bowick | 19 | 311 | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Dalila Corral Lyons | 20 | 310 | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Robert L. Hess | 24 | 314 | Hon. Michael Johnson | 56 | 514 |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. John P. Doyle | 58 | 516 |
| Hon. Barbara Scheper | 30 | 400 | Hon. Gregory Keosian | 61 | 732 |
| Hon. Samantha Jessner | 31 | 407 | Hon. Michael L. Stern | 62 | 600 |
| Hon. Daniel S. Murphy | 32 | 406 | Hon. Mark Mooney | 68 | 617 |
| Hon. Michael P. Linfield | 34 | 408 | Hon. William F. Fahey | 69 | 621 |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Suzanne G. Bruguera | 71 | 729 |
| Hon. Marc Marmaro | 37 | 413 | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. Rafael Ongkeko | 73 | 733 |
| Hon. Elizabeth Feffer | 39 | 415 | Hon. Teresa Sanchez-Gordon | 74 | 735 |
| Hon. David Sotelo | 40 | 414 | Hon. Gail Ruderman Feuer | 78 | 730 |
| Hon. Holly E. Kendig | 42 | 416 |  |  |  |
| Hon. Mel Red Recana | 45 | 529 | Hon. Steven J. Kleifield | 324 | CCW |
| Hon. Frederick C. Shaller | 46 | 500 | *Provisionally Complex Non-class Action Cases Assignment is Pending Complex Determination | 324 | CCW |
| Hon. Debre K. Weintraub | 47 | 507 |  |  |  |

**\*Complex**

All non-class action cases designated as provisionally complex are forwarded to the Supervising Judge of the Complex Litigation Program located in the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005), for complex/non-complex determination pursuant to Local Rule 3.3(k). This procedure is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on SEP 0 9 2016  SHERRI R. CARTER, Executive Officer/Clerk

By _____, Deputy Clerk

John P. Kristensen (SBN 224132)
David L. Weisberg (SBN 211675)
Matthew T. Hale (SBN 303826)
**KRISTENSEN WEISBERG, LLP**
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025
Telephone: 310-507-7924
Fax: 310-507-7906
*john@kristensenlaw.com*
*david@kristensenlaw.com*
*matt@kristensenlaw.com*

*Attorneys for Plaintiff Sherry Orson*

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

SEP 09 2016

Sherri R. Carter, Executive Officer/Clerk
By: Judi Lara, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

BC 6 3 3 3 9 2

SHERRY ORSON, an individual,

Plaintiff,

vs.

CARBONITE, INC., a Delaware
Corporation; and DOES 1 through 20,
inclusive, and each of them,

Defendants.

Case No.

**COMPLAINT FOR DAMAGES**

(1)  California Consumers Legal Remedies
     Act, Cal. *Civ. Code* §§ 1750, *et seq.*
(2)  California Unfair Competition Law, Cal.
     *Bus & Prof. Code* §§ 17200, *et seq.*
(3)  California False Advertising Law, Cal.
     *Bus & Prof. Code* §§ 17500, *et seq.*
(4)  Unjust Enrichment
(5)  Fraudulent Concealment / Equitable
     Estoppel
(6)  Breach of Contract

**DEMAND FOR JURY TRIAL;**
**DECLARATION OF SHERRY ORSON**

I.  **INTRODUCTION**

1.  COMES NOW plaintiff SHERRY ORSON (hereinafter "Orson" or "Plaintiff")
and alleges causes of action against defendants CARBONITE, INC. (hereinafter, "Carbonite")
and/or DOES 1 through 20 (collectively referred to throughout this Complaint as
"Defendant(s)") for damages.

2.  The causes of action in this matter arise from Carbonite's wrongful business
practice of failing to disclose to consumers that its computer backup services and software fails

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL; DECLARATION OF SHERRY ORSON

-1-

1    to back up their consumers' computer data thereby resulting in consumers' loss of computer

2    data and payment for Carbonite's nonfunctional services.

3    **II.    PARTIES**

4           3.    Plaintiff, Sherry Orson ("Plaintiff"), is a natural person residing in Los Angeles

5    County, California.

6           4.    Defendant, Carbonite, Inc. is a Delaware corporation with its principal place of

7    business at 2 Avenue de Lafayette, Boston, Massachusetts 02111. Plaintiff is informed and

8    believes that Carbonite conducted and conducts business in Los Angeles County. Carbonite

9    may be served through its registered agent for service of process, CSC – Lawyers

10   Incorporating Service, at 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California

11   95833.

12          5.    The above named Defendant, and its subsidiaries and agents, are collectively

13   referred to as "Defendants."  The true names and capacities of the Defendants sued herein as

14   DOES 1 through 20, inclusive, are currently unknown to Plaintiff, who therefore sues such

15   Defendants by fictitious names.  Each of the Defendants designated herein as a DOE is legally

16   responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend

17   the Complaint to reflect the true names and capacities of the DOE Defendants when such

18   identities become known.

19          6.    Plaintiff is informed and believes and thereon alleges that at all relevant times,

20   each and every Defendant was acting as an agent and/or employee of each of the other

21   Defendants and was the owner, agent, servant, joint venturer and employee, each of the other

22   and each was acting within the course and scope of its ownership, agency, service, joint

23   venture and employment with the full knowledge and consent of each of the other Defendants.

24   Plaintiff is informed and believes and thereon alleges that each of the acts and/or omissions

25   complained of herein was made known to, and ratified by, each of the other Defendants.

26          7.    At all times mentioned herein, each and every Defendant was the successor of

27   the other and each assumes the responsibility for each other's acts and omissions.

28   ///

Kristensen Weisberg, LLP
12304 Santa Monica Blvd, Suite 100
Los Angeles, California 90025

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL; DECLARATION OF SHERRY ORSON**

-2-

1    III.   **JURISDICTION & VENUE**

2          8.    Jurisdiction and venue are proper in the Superior Court of California, County of

3    Los Angeles, Stanley Mosk Courthouse. At the time of the acts and omissions, Plaintiff Orson

4    was a resident of Los Angeles County, and Defendant Carbonite conducted and conducts

5    business throughout the State of California and County of Los Angeles. Furthermore, this

6    venue is convenient to the parties and is an appropriate venue for a civil action for damages

7    and injunctive relief.

8    IV.    **ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

9                              **(Against All Defendants)**

10         9.    Defendant is in the business of providing online computer backup service for

11   documents, electronic mail, music, photos and the like to more than 1.5 million customers,

12   including 50,000 small business customers nationwide.

13         10.   Carbonite offers three separate lines of products, namely, (1) Personal Plans for

14   individual computers and home offices; (2) Pro Plans for small businesses; and (3) Server

15   Plans for databases and live applications.

16         11.   Defendant provides its customers with the Personal Plan for an annual fee

17   starting at $59.99. According to Defendant's website, www.carbonite.com, "Carbonite keeps

18   small business and home offices running smoothly…Business doesn't stop when you leave the

19   office. That's why Carbonite lets you access (or even restore) your files anytime, anywhere so

20   you never have to worry about leaving your files behind…Our product works automatically,

21   so you never have to remember to back up. You can recover your files with just a few

22   clicks…From running your small business to running your household, our goal is to provide

23   secure and affordable cloud backup for all your files."

24         12.   Upon subscribing to Defendant's service, the customer installs the Defendant's

25   software program on the customer's computers that operates continuously in the background.

26   The customer software automatically seeks out new and changed files on the customer's

27   computers so that the customer's data is constantly and automatically backed up.

28         13.   Carbonite induces its customers to purchase its services by stating "It's a fact:

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL; DECLARATION OF SHERRY ORSON**

-3-

1    computers crash, laptops get stolen and files get accidentally deleted. But with Carbonite as

2    your backup plan – and with the "Restore" button at your disposal, you can be confident

3    knowing you'll be back to business." Defendant represents itself as the solution to the

4    significant problem of losing data. Per Defendant's website, "We keep America's small

5    business running."

6        14.    In its promotional materials and on its website, Defendant represents to

7    consumers that consumers' files are safe and protected when using Defendant's back-up

8    software since consumer's data is backed up automatically and continually in Defendant's

9    "state-of-the-art data centers, safe from computer glitches, hurricanes and everything in

10   between." On its website Defendant discusses the safety of its services and states, "Well, let's

11   just say that not using the cloud is equivalent of keeping your money in your mattress.  Storing

12   your data in a professionally managed data center means it is given the proper TLC and

13   attention it needs – redundant disk arrays, temperature controlled environments, backup power

14   generators and more."

15       15.    Based on Defendant's marketing statements and the absence of any legitimate

16   information from Defendant to the contrary, a reasonable consumer would have no reason to

17   suspect that Defendant experiences glitches with its software which can and does result in the

18   degradation and corruption of consumers' backed up data.

19       16.    By purchasing Defendant's services, Defendant claims that its customers' files

20   are backed up automatically and continually thereby protecting its customers from disasters

21   such as accidental file deletion, theft, and/or drive failure.  Defendant represents and claims

22   that in the event of disaster, its customers will be able to recover their files from the cloud in

23   just a few clicks.

24       17.    Plaintiff purchased Carbonite's software and services on or about September

25   13, 2010 and made the required payments to Carbonite in order to back up her computer. At all

26   times prior to November 21, 2014, to Plaintiff's knowledge, the data on Plaintiff's network of

27   computers was being backed up by Defendant.

28       18.    On or about November 21, 2014, Plaintiff's computer failed due to a problem

Kristensen Weisberg, LLP
12304 Santa Monica Blvd. Suite 100
Los Angeles, California 90025

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL; DECLARATION OF SHERRY ORSON

1   with the operating system. Immediately thereafter, Plaintiff attempted to restore the backed up

2   data using Defendant's software. At that time, it became evident that Plaintiff was unable to

3   retrieve the data that Defendant represented was backed up.

4        19.    Plaintiff telephoned defendant on November 21, 2014 and spoke to Defendant's

5   employees, agents and/or representatives, Christian, Daniel, Rabena and a Manager named

6   Alegra, all of whom confirmed that Carbonite had lost all of plaintiff's data and that Carbonite

7   had failed to back up the data on plaintiff's computer since 2011. Defendant could neither

8   restore nor retrieve all of Plaintiff's data and it is now lost.

9   **V.**    **CAUSES OF ACTION**

10   **FIRST CAUSE OF ACTION**

11   **VIOLATION OF THE CONSUMERS LEGAL REMEDIES ACT, CAL. *CIVIL CODE* §§ 1750, *ET SEQ.***

12   **(Against all Defendants)**

13        20.    Plaintiff hereby incorporates by reference and re-alleges each and every

14   allegation set forth in each and every preceding paragraph of this Complaint, as though fully

15   set forth herein.

16        21.    *The Consumers Legal Remedies Act* ("CLRA") creates a non-exclusive

17   statutory remedy for unfair methods of competition and unfair or deceptive acts or business

18   practices. Its self-declared purpose is to protect consumers against these unfair and deceptive

19   business practices, and to provide efficient and economical procedures to secure such

20   protection. Cal. *Civ. Code* § 1760. The CLRA was designed to be liberally construed and

21   applied in favor of consumers to promote its underlying purposes. *Id.*

22        22.    Defendant's computer back-up services are "services" within the meaning of

23   Cal. *Civ. Code* § 1761(b).

24        23.    Plaintiff is a "consumer" within the meaning of Cal. *Civ. Code* § 1761(d).

25        24.    Defendants have violated the CLRA by engaging in the unfair and/or

26   deceptive acts and practices set forth herein, including but not limited to:

27        (a)    Defendant's deceptive acts and practices occurred in the course of selling

28   its defective computer back-up services to consumers;

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL; DECLARATION OF SHERRY ORSON

(b)     Defendant had exclusive knowledge of undisclosed material facts, *i.e.* that there was degradation in its clients' back-up and that its back-up software was not functioning;

(c)     Defendant engaged in unfair acts and practices by withholding these material facts from Plaintiff; and

(d)     Plaintiff was not aware that there was degradation in her backup(s) and that Defendant's software was not functioning.

25.     Defendants have violated the CLRA by engaging in the above unfair acts and practices, which results in the following violations:

(a)     In violation of Cal. *Civ. Code* § 1770(a)(4), Defendant has used deceptive representations in connection with its computer backup services;

(b)     In violation of Cal. *Civ. Code* § 1770(a)(5), Defendant has represented that its back up software and services have characteristics, uses and benefits that they do not have;

(c)     In violation of Cal. *Civ. Code* § 1770(a)(7), Defendant has represented that its back up software and services are of a particular standard, quality or grade when they are not; and

(d)     In violation of Cal. *Civ. Code* § 1770(a)(9), Defendant has advertised its back up software and services with intent not to sell them as advertised.

26.     Defendant's unfair and deceptive business practices in carrying out the marketing program described above were and are intended to and did and do result in the purchase of Defendants' computer backup services by consumers, including Plaintiff, in violation of the CLRA.

27.     In reasonable reliance on Defendant's misrepresentations and omissions, Plaintiff purchased Defendant's backup computer services for more money than she should have been required to spend and Plaintiff was not reimbursed for Defendant's non-functional services. Plaintiff has therefore suffered injury proximately caused by Defendant's unfair and deceptive practices.

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL; DECLARATION OF SHERRY ORSON

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

28.   Had Defendant not misrepresented and omitted the true facts relating to computer backup services, Plaintiff, as reasonable consumer, would have behaved differently.

29.   Unless Defendant is permanently enjoined from continuing to engage in such violations of the CLRA, future consumers of the Defendant's computer back up services will be harmed by Defendant's acts and practices in the same way as Plaintiff.

30.   Plaintiff does not presently seek damages as a result of Defendant's violations of the CLRA, but Plaintiff will amend this complaint to seek damages pursuant to Cal. *Civ. Code* § 1782 if Defendant does not correct, repair, replace or otherwise rectify the deceptive practices complained of herein within 30 days from notice.

31.   Carbonite had knowledge of the defective nature of its software as alleged herein, including that the software failed to properly preserve users' data, and nevertheless acted with complete indifference and conscious disregard for the rights of its users, including Plaintiff. Therefore, an award of punitive damages is appropriate.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE UNFAIR COMPETITION LAW

### (Against all Defendants)

32.   Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

33.   Cal. *Bus. and Prof. Code* §§ 17200, *et seq.* (the "Unfair Competition Law" or "UCL") authorizes private lawsuits to enjoin acts of "unfair competition," which include any unlawful, unfair, or fraudulent business practice.

34.   The material misrepresentations, concealment, and non-disclosures by Defendant as part of their marketing and advertising for their computer backup services are unlawful, unfair, and fraudulent business practices prohibited by the UCL.

35.   By engaging in the above-described acts and practices, Defendant has committed one or more acts of unfair competition within the meaning of Cal. *Bus. & Prof. Code* §§ 17200, *et seq.*

Kristensen Weisberg, LLP
12304 Santa Monica Blvd, Suite 100
Los Angeles, California 90025

1    Defendant committed "unlawful" business acts and practices by:

2        (a)    engaging in conduct that violates California's *Consumers Legal Remedies*

3    *Act, Civ. Code* §§ 1770(a)(4), (a)(5),(a)(7) and (a)(9);

4        (b)    engaging in conduct that violates California's False Advertising Law, Cal.

5    *Bus. & Prof. Code* §§ 17500, *et seq.*; and

6        (c)    engaging in conduct that violates various other laws, regulations, statutes,

7    and/or common law duties.

8    Defendants committed "unfair" business acts and practices by:

9        (a)    engaging in conduct where the utility of such conduct, if any, is outweighed

10    by the gravity of the consequences to Plaintiff, and is not an injury that Plaintiff could have

11    reasonably avoided;

12        (b)    engaging in conduct that is immoral, unethical, oppressive, unscrupulous, or

13    substantially injurious to Plaintiff; and

14        (c)    engaging in conduct that undermines or violates the spirit or intent of the

15    consumer protection laws detailed herein.

16    Defendants committed "fraudulent" business acts and practices by

17    deceiving consumers into believing that their services and software would backup the

18    consumer's computer data and by concealing the fact from consumers that the software was

19    not backing up the data on their computers.

20        36.    In reasonable reliance on Defendant's unlawful, unfair, and fraudulent

21    conduct, Plaintiff purchased Defendant's computer backup services for more money than she

22    should have been required to spend and Plaintiff was not reimbursed for Defendant's services

23    when they were non-functional.  Plaintiff has therefore suffered injury proximately caused by

24    Defendant's unfair and deceptive practices.

25        37.    Had Defendant not misrepresented and omitted the true facts relating to its

26    computer backup services, Plaintiff, as reasonable consumer, would have behaved differently.

27        38.    Defendant's practices, as set forth above, have misled the general public in the

28    past and will mislead the general public in the future.  Defendant's business acts and

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL; DECLARATION OF SHERRY ORSON

1   practices, as alleged herein, have caused injury to Plaintiff.

2        39.    Pursuant to Cal. *Bus. and Prof. Code* § 17203, Plaintiff seeks an order of this

3   Court enjoining Defendant from continuing to engage in unlawful, unfair, and/or

4   fraudulent/deceptive business practices and any other acts prohibited by law, including those

5   acts set forth in the complaint. Plaintiff also seeks an order (a) requiring Defendant to make

6   full restitution of all moneys it wrongfully obtained from Plaintiff, and (b) requiring

7   Defendant to disgorge all ill-gotten revenues and/or profits as an additional form of restitution

8   of funds wrongfully taken from Plaintiff to which Defendant is not entitled.

9   **THIRD CAUSE OF ACTION**

10  **VIOLATION OF THE FALSE ADVERTISING LAW**

11  **(Against all Defendants)**

12       40.    Plaintiff hereby incorporates by reference and re-alleges each and every

13  allegation set forth in each and every preceding paragraph of this Complaint, as though fully

14  set forth herein.

15       41.    Cal. *Bus. and Prof. Code* § 17500, et seq. provides that "[i]t is unlawful for

16  any ... corporation ... with intent ... to dispose of ... personal property ... to induce the public to

17  enter into any obligation relating thereto, to make or disseminate or cause to be made or

18  disseminated ... from this state before the public in any state, in any newspaper or other

19  publication, or any advertising device, or by public outcry or proclamation, or in any other

20  manner or means whatever, including over the Internet, any statement ... which is untrue or

21  misleading, and which is known, or which by the exercise of reasonable care should be

22  known, to be untrue or misleading...."

23       42.    Defendant misled consumers by making untrue statements about the standard,

24  quality and properties of its computer backup services, as alleged above.  Defendant

25  disseminated untrue and misleading representations regarding the security and safety of its

26  consumer's computer data when backed up using Defendant's software and services.

27  Defendant knew that their representations and omissions were untrue and misleading, and

28  deliberately made the aforementioned representations and omissions in order to deceive

Kristensen Weisberg, LLP
12304 Santa Monica Blvd, Suite 100
Los Angeles, California 90025

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL; DECLARATION OF SHERRY ORSON**

1    reasonable consumers like Plaintiff.

2        43.    As a direct and proximate result of Defendant's misleading and false

3    advertising, Plaintiff has suffered injury in fact and has lost money and property.  Plaintiff

4    reasonably relied upon Defendant's representations regarding Defendant's computer backup

5    services and Defendant's ability to securely and safely backup Plaintiff's computer data.  In

6    reasonable reliance on Defendant's false advertising, Plaintiff purchased Defendant's

7    computer backup services and therefore, Plaintiff has suffered injury in fact.

8        44.    The misleading and false advertising described herein presents a continuing

9    threat to Plaintiff and to consumers in that Defendant persists and continues to engage in

10   these practices, and will not cease doing so unless and until forced to do so by this Court.

11   Defendant's conduct will continue to cause irreparable injury to consumers unless enjoined or

12   restrained.  Plaintiff is entitled to preliminary and permanent injunctive relief ordering

13   Defendant to cease their false advertising, as well as disgorgement and restitution to Plaintiff

14   of Defendant's revenues associated with their false advertising, or such portion of those

15   revenues as the Court may find equitable.

## FOURTH CAUSE OF ACTION

### UNJUST ENRICHMENT

### (Against all Defendants)

19       45.    Plaintiff hereby incorporates by reference and re-alleges each and every

20   allegation set forth in each and every preceding paragraph of this Complaint, as though fully

21   set forth herein.

22       46.    Defendant has received a benefit at the expense of Plaintiff.  Defendant

23   improperly obtained money from Plaintiff as a result of her purchase of Defendant's computer

24   back up services.  No substantial justification exists for Defendant's conduct.  Accordingly,

25   Defendant has received a benefit and has unjustly retained this benefit at the expense of

26   Plaintiff.

27       47.    As a direct and proximate result of Defendant's misconduct, Plaintiff paid

28   money for goods she was to receive at lower prices and are thereby is entitled to restoration of

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL; DECLARATION OF SHERRY ORSON

1  her data and property.

2  **FIFTH CAUSE OF ACTION**

3  FRAUDULENT CONCEALMENT/EQUITABLE ESTOPPEL

4  **(Against all Defendants)**

5  48.     Plaintiff hereby incorporates by reference and re-alleges each and every

6  allegation set forth in each and every preceding paragraph of this Complaint, as though fully

7  set forth herein.

8  49.     Defendant had a duty to disclose to Plaintiff that Defendant's software was not

9  backing up the data on her computers.

10  50.     Defendant concealed the truth from Plaintiff by failing to disclose that

11  Defendant's software was not backing up the data on her computers.

12  51.     Defendant had the opportunity to disclose these facts to Plaintiff, but

13  Defendant failed to do so.

14  52.     Defendant knew that suppressing the truth from Plaintiff would induce her to

15  continue paying for Defendant's nonfunctional services and not cancel service.

16  53.     Plaintiff justifiably relied on Defendant to her detriment by continuing to allow

17  Defendant to provide purported back-up services for her computers.

18  54.     Had Defendant disclosed the material fact that the software was not backing up

19  its customers computers, Plaintiff would not have continued to do business with Defendant

20  and would have taken the necessary steps to avoid being damaged.

21  55.     Through the schemes described above, Defendant has received money

22  belonging to Plaintiff through the sale of computer backup services that were nonfunctional.

23  56.     Defendant has reaped substantial profits by concealing the fact that its

24  computer backup services were nonfunctional.  Ultimately, this resulted in Defendant's

25  wrongful receipt of profits and injury to Plaintiff.  Defendant has benefited from the receipt of

26  such money that it would not have received and/or had to reimburse for nonfunctional

27  computer backup services. As a direct and proximate result of Defendant's misconduct as set

28  forth above, Defendant has been unjustly enriched.

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL; DECLARATION OF SHERRY ORSON

## SIXTH CAUSE OF ACTION

### BREACH OF CONTRACT

### (Against all Defendants)

57.     Plaintiff repeats and incorporates by reference into this cause of action all of the above paragraphs of this Complaint as though fully stated herein.

58.     Defendant breached the contract by taking money from Plaintiff and then failing to provide the promised computer data back-up services.

59.     Defendant's breach has caused injury to Plaintiff.

60.     Plaintiff performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms of the contract.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL; DECLARATION OF SHERRY ORSON

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests of this Court the following relief:

1. For the first cause of action, preliminary and permanent injunctive relief enjoining Defendants, their agents, servants and employees, and all persons acting in concert with them, from engaging in, and continuing to engage in, the unfair or deceptive acts or business practices alleged above and that may yet be discovered in the prosecution of this action;

2. For the second and third causes of action, preliminary and permanent injunctive relief enjoining Defendants, their agents, servants and employees, and all persons acting in concert with them, from engaging in, and continuing to engage in, the misleading and false advertising alleged above and that may yet be discovered in the prosecution of this action; restitution; disgorgement of all money or property wrongfully obtained by Defendants by means of their herein-alleged unlawful, unfair, and fraudulent business practices and misleading and false advertising; and attorneys' fees and costs;

3. For the fourth cause of action, restitution and attorneys' fees and costs;

4. For the fifth and sixth causes of action, the same remedies for the first through fourth causes of action in addition to compensatory damages, general damages, and prejudgment and post-judgment interest on the compensatory and general damages;

5. Punitive and exemplary damages in an amount appropriate to punish and/or set an example of defendants; and

6. And for such other and further relief as this Court may deem just and proper.

Dated:  September 8, 2016   KRISTENSEN WEISBERG, LLP

John P. Kristensen
David L. Weisberg
Matthew T. Hale
Attorneys for Plaintiff

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL; DECLARATION OF SHERRY ORSON

-13-

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues which may be tried by a jury.

Dated:   September 8, 2016            KRISTENSEN WEISBERG, LLP

                                      John P. Kristensen
                                      David L. Weisberg
                                      Matthew T. Hale
                                      Attorneys for Plaintiff

1      ### DECLARATION OF SHERRY ORSON

2      I, Sherry Orson, declare as follows:

3      1.      I submit this declaration pursuant to Section 1780(d) of the California

4    Consumer Legal Remedies Act. I have personal knowledge of the matters set forth below, and

5    if called as a witness, I could and would be competent to testify thereto.

6      2.      At all relevant times, I have been a resident of Los Angeles, California.

7      3.      It is my understanding that Defendant Carbonite, Inc. is a Delaware corporation

8    with its principal place of business in Massachusetts, and conducts regular and sustained

9    business in Los Angeles County, California.

10     I declare under penalty of perjury under the laws of the State of California that the

11   foregoing is true and correct. Executed on ~~August~~ September 5 , 2016, in LOS ANGELES ,

12   California.

13

14   

15   Sherry Orson

16

17

18

19

20

21

22

23

24

25

26

27

28

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

---

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL; DECLARATION OF SHERRY ORSON